UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
RONALD GREENLAND,                   |
                                    |
            Petitioner,             |
                                    |        12 Civ. 7208 (KMW)
                                    |        10 Cr. 742 (KMW)
     -against-                      |
                                    |        OPINION AND ORDER
UNITED STATES OF AMERICA,           |
                                    |
            Respondent.             |
                                    |
------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

     Petitioner Ronald Greenland brings this pro se petition
("Petition"), pursuant to 28 U.S.C. § 2255, asking the Court to
vacate, set aside, or correct his sentence.  Petitioner asserts
that (1) he was denied effective assistance of counsel;(2) the
Court committed error at sentencing by not giving Petitioner
credit for time spent in Immigration and Customs Enforcement
("ICE") or state custody prior to being transferred to federal
custody; (3) he was not subject to removal because his underlying
conviction for arson did not constitute an "aggravated felony";
(4) the Court committed error by assigning two Criminal History
points for Petitioner's 2010 state court conviction for Criminal
Possession of Stolen Property; (5) the Court committed error by
imposing supervised release as part of Petitioner's sentence; (6)

1

the Court "double-counted" Petitioner's prior criminal convictions in calculating his Sentencing Guideline offense level; and (7) the Court committed error by not departing downward after considering Petitioner's argument regarding the disparity between districts that implement and do not implement the Fast-Track program.   For the reasons set forth below, the petition is denied.

## BACKGROUND

On August 18, 2010, Petitioner was indicted on the charge of unlawfully entering the United States subsequent to a conviction of an aggravated felony in violation of 8 U.S.C. §1326(a) and (b)(2).   Petitioner appeared before the Court on December 21, 2010, for the purpose of pleading guilty to the indictment.   As determined by the United States Probation Office, Petitioner's advisory United States Sentencing Guidelines range was 77 to 96 months' imprisonment.   See Presentence Investigation Report ("PSR") at 25.   On April 21, 2011, the Court sentenced Petitioner to 60 months' imprisonment.   Petitioner filed a notice of appeal to the United States Court of Appeals for the Second Circuit. The Second Circuit concluded that Petitioner's arguments on appeal were without merit and affirmed Petitioner's judgment of conviction. See United States v. Greenland, 471 Fed. Appx. 74 (2d

Cir. June 18, 2012). Petitioner timely filed this <u>pro se</u> petition pursuant to 28 U.S.C. § 2255 ("Section 2255") on September 24, 2012.

## ANALYSIS

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence.  28 U.S.C. § 2255. Relief pursuant to Section 2255 is available "only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).  The Court construes Petitioner's pro se submissions to raise the strongest arguments suggested.  <u>See</u> <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 87 (2d Cir. 1995).

## I.   PETITIONER RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.

To prove that he was denied effective assistance of counsel, Petitioner must show (1) that counsel's performance fell below an "objective standard of reasonableness," and (2) that he was

3

prejudiced as a result.  Strickland v. Washington, 466 U.S. 668, 688, 692 (1984); see also Kieser v. New York, 56 F.3d 16, 18 (2d Cir. 1995).  The Court need not "address both components of the [Strickland] inquiry if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.

Petitioner argues that he was denied effective assistance of counsel because counsel failed to request a sentencing departure based on (1) the Government's delay in filing the indictment for illegal reentry, resulting in Petitioner's "lost opportunity" to serve his federal sentence concurrently with his state sentence, and (2) the time Petitioner spent in ICE custody.  Neither claim demonstrates that counsel's performance fell below an objective standard of reasonableness.

Counsel for Petitioner did not fall below the "objective standard of reasonableness", by not seeking adjustment of sentence, because Petitioner would not have qualified for either adjustment.  The Second Circuit has held that in order for a defendant to receive a sentencing departure based on prosecutorial delay which caused a missed opportunity for concurrent sentencing, the delay "must either have been in bad faith or have been longer than a reasonable amount of time for the government to have diligently investigated the crime involved..."  United States v. Los Santos, 283 F.3d 422, 428 (2d

Cir. 2002).  In <u>Los Santos</u>, the Second Circuit found that a four month delay was a reasonable amount of time to investigate Los Santos' crime and confirm his identity.  <u>Id.</u> at 429.  The Second Circuit declined to establish a "bright line rule" as to what length of a delay would be unreasonable.  <u>Id.</u>

Petitioner was arrested for Criminal Possession of Stolen Property, on November 25, 2009. (PSR ¶ 7). Petitioner was convicted of Criminal Possession of Stolen Property on April 12, 2010 and sentenced on May 19, 2010. (Gov't Memorandum in Opposition, Exhibit F).  Petitioner was transferred to ICE custody on July 23, 2010 and the indictment in this case was filed on August 18, 2010. (PSR ¶¶ 1,9).  Any delay by the Government in prosecuting Petitioner was reasonably necessary to investigate the crime and Petitioner's identity, and was not in bad faith. Petitioner has 28 prior convictions in at least three different states, in which he used at least 17 different aliases and 10 different social security numbers. <u>See</u> PSR ¶¶ 28-77; Gov't Memorandum in Opposition at 12. Time and effort were required by the Government to confirm Petitioner's identity and extensive criminal history. Therefore, counsel's decision not to seek a downward departure on the ground of prosecutorial delay was reasonable and likely sound legal strategy.  <u>United States v. Gaskin</u>, 364 F.3d 438, 468 (2d Cir. 2004)(quoting <u>Strickland</u>,466

U.S. at 689) ("In applying this [Strickland] standard, a reviewing court must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'").

Petitioner's assertion that he should receive credit for time spent in ICE custody is also without merit.  "[T]ime ... spent in ICE custody is considered administrative in nature, and not 'official detention' for purposes of 18 U.S.C. § 3585." Cuevas v. United States, No. 07 Civ. 10635, 2008 WL 2117597, at *1 n.3 (S.D.N.Y. May 15, 2008)(Buchwald, J.).  Thus, counsel for Petitioner did not fall below the objective standard of reasonableness by not seeking a departure at sentencing on this ground.

II.  **THE COURT DID NOT COMMIT ERROR BY DECLINING TO GIVE PETITIONER CREDIT FOR TIME SERVED IN STATE CUSTODY AND ICE CUSTODY.**

Petitioner's argument that the Court committed error by declining to give Petitioner credit for time served in state custody is meritless.  Such a departure would have been contrary to Second Circuit law set forth in Los Santos.  The Second

Circuit rejected this same argument on Petitioner's direct appeal. See United States v. Greenland, 471 Fed. Appx. 74 (2d Cir. June 18, 2012).

Petitioner's argument that the Court committed error by declining to give Petitioner credit for time served in ICE custody is also without merit.  The Court was correct in not considering Petitioner's time spent in administrative custody, for the purposes of sentencing, as set forth in Cuevas.


**III.  PETITIONER'S REMOVAL FROM THE UNITED STATES FOLLOWING HIS AGGRAVATED FELONY CONVICTION FOR ARSON WAS LAWFUL.**

Petitioner argues that he was not lawfully deported from the United States because his 1987 conviction for Arson in the Third Degree was prior to the enactment of the Anti-Drug Abuse Act of 1988 ("ADAA"), Pub. L. No. 100-690, 102 Stat. 4181 (1988), which provides that an aggravated felony conviction could serve as the basis for deportation.  The Second Circuit has rejected this argument, holding that an alien is subject to deportation as a result of an aggravated felony conviction "notwithstanding that the alien had been convicted of [the] aggravated felony prior to the enactment of the [ADAA]..."  Gelman v. Ashcroft, 372 F.3d 495, 496 (2d Cir. 2004)(citing Bell v. Reno, 218 F.3d 86 (2d Cir. 2001)).

7

Further, Petitioner was barred from challenging the validity
of his deportation under 8 U.S.C. § 1326(d), which provides that
"an alien may not challenge the validity of a deportation order
[in the context of a prosecution for illegal reentry] unless the
alien demonstrates that: (1) the alien exhausted any
administrative remedies that may have been available to seek
relief against the order; (2) the deportation proceedings at
which the order was issued improperly deprived the alien of the
opportunity for judicial review; and (3) the entry of the order
was fundamentally unfair."  Petitioner has not shown how he would
have met any of these criteria.

IV.  **THE COURT PROPERLY ASSIGNED TWO CRIMINAL HISTORY POINTS FOR
PETITIONER'S STATE COURT CONVICTION OF POSSESSION OF STOLEN
PROPERTY.**

Petitioner argues that the Court improperly assigned two
criminal history points for his conviction for Criminal
Possession of Stolen Property because Petitioner was "found" by
immigration authorities on November 25, 2009, and had not yet
been convicted or sentenced for Criminal Possession of Stolen
Property.  (Petition at 13). Petitioner asserts that he was
convicted of Criminal Possession of Stolen Property on May 19,
2010. (Id.).

Petitioner was arrested in Nassau County, New York, for

Criminal Possession of Stolen Property, on November 25, 2009, at which time ICE was notified of his arrest. (PSR ¶¶ 7,8). Petitioner was convicted of Criminal Possession of Stolen Property on April 12, 2010 and sentenced on May 19, 2010. (Gov't Memorandum in Opposition, Exhibit F). Petitioner was transferred to ICE custody on July 23, 2010 and the indictment in this case was filed on August 18, 2010. (PSR ¶¶ 1,9).

The commentary to the Sentencing Guidelines states that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." U.S.S.G. § 4A1.2, app. note 1. Because Petitioner was sentenced for Criminal Possession of Stolen Property after he reentered and was found by immigration authorities, but prior to sentencing in the instant offense, Petitioner properly received two criminal history points.

**V.   THE COURT PROPERLY IMPOSED A TERM OF SUPERVISED RELEASE AS PART OF PETITIONER'S SENTENCE.**

At Petitioner's April 2011 sentencing, the advisory Guidelines specified that "[t]he court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed . . ." U.S.S.G. §

5D1.1(a).  This Court imposed a three year term of supervision to follow 60 months' imprisonment.

Petitioner notes that U.S.S.G. § 5D1.1 was subsequently amended to provide that no supervision should be imposed in a case in which it is not required by statute and the defendant is a deportable alien.  See U.S.S.G. § 5D1.1(c).  Petitioner was sentenced on April 21, 2011.  Because the amendment to U.S.S.G. § 5D1.1 did not become effective until November 1, 2011, the Court properly imposed a term of supervised release to follow Petitioner's sentence.

## VI.   THE COURT PROPERLY APPLIED THE SENTENCING ENHANCEMENT SET FORTH IN U.S.S.G. § 2L1.2(b)(1)(A).

Petitioner argues that the Court "double-counted" his May 19, 2010 conviction for Criminal Possession of Stolen Property. Petitioner asserts that the conduct underlying the May 2010, conviction, which was factored into his criminal history category, also increased his offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

Petitioner's conviction for Criminal Possession of Stolen Property did not have any effect on Petitioner's offense level under U.S.S.G. § 2L1.2.  Petitioner's offense level was increased, pursuant to this Section, by his 1987 aggravated

10

felony conviction for Arson in the Third Degree, and not his 2010 conviction[1]. See PSR ¶ 19.

## VII.  **THE COURT PROPERLY REJECTED PETITIONER'S FAST-TRACK PROGRAM ARGUMENT.**

Petitioner asks that his sentence be reviewed in light of the Fast-Track program that was implemented by the United States Attorney's Office for the Southern District of New York on March 1, 2012. (Gov't Memorandum in Opposition, Exhibit K). Petitioner notes that he presented a "Fast-Track disparity" argument to the Court, at sentencing, and that he did not receive a departure based on this argument. (Petition at 17).

The Southern District of New York's Fast-Track program did not exist at the time of Petitioner's April 21, 2011 sentencing. Even if the program had existed at the time of Petitioner's sentencing, Petitioner would not have been eligible to participate in the program for two separate reasons.  The Southern District of New York's Fast-Track Program states that a defendant is disqualified from participation if the defendant "has a prior conviction for a 'serious violent felony,' as the

---

[1]To the extent that Petitioner would argue that his 1987 conviction was double counted, that conviction did not count for purposes of determining Petitioner's Criminal History Category because that conviction predated the illegal reentry offense by more than 15 years.  See U.S.S.G. § 4A1.2(e)("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted."); (See also PSR ¶ 44).

term is defined in 18 U.S.C. § 3559(c)(2)(F)(I)," which includes the offense of arson; and if a defendant "has seven (7) or more criminal history points." (Gov't Memorandum in Opposition, Exhibit K).  Petitioner's 1987 conviction for Arson in the Third Degree is a "serious violent felony" that would have rendered him ineligible to participate in the Southern District's Fast-Track program.  Morever, Petitioner had 13 criminal history points, well over the maximum of seven points allowed under the Southern District's Fast-Track policy.

The fact that the Court did not explicitly address Petitioner's Fast-Track argument at sentencing does not constitute procedural error.  <u>United States v. Fernandez</u>, 443 F.3d 19, 29 (2d Cir. 2006)(holding that "[w]hen an argument is not raised during a sentencing proceeding, the failure of the sentencing judge to address that argument explicitly on the record does <u>not</u>, without more, demonstrate a failure of consideration by the judge"(emphasis in original), and noting that the Second Circuit "entertain[s] a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise").

**CONCLUSION**

     For the reasons stated above, Petitioner's Section 2255 motion is DENIED.


     SO ORDERED.

Dated:    New York, New York
          November 12, 2013

                      _____/s/_____
                            Kimba M. Wood
                  United States District Judge